The order is affirmed.

---

## ED. G. FREICK v. RAY BENJAMIN HINKLY.[1]

May 29, 1913.

Nos. 18,055—(88).

**Injunction against litigation in foreign court.**

The courts of a state may restrain a citizen of that state from prosecuting a suit against another citizen of the same state in the courts of another state, if necessary to prevent an inequitable advantage; but litigants are seldom restricted to the courts of their own state, and, to justify enjoining the prosecution of a foreign suit begun before any proceedings were taken in the home courts, it must appear that the foreign suit will result in evading the effect of some local law, or in securing some other inequitable advantage, or in imposing some inequitable disadvantage.

[1] Reported in 141 N. W. 1096.

---

Note.—The authorities on the question of injunction against action or proceedings in foreign jurisdiction are collated in notes in 21 L.R.A. 71 and 25 L.R.A.(N.S.) 267.

Action in the district court for Rock county to cancel certain so-called promissory notes described in the complaint, and to restrain defendant from any further prosecution of any action on such notes in the supreme court of New Jersey or elsewhere, until the final determination of this action. The plaintiff obtained an order to show cause why a restraining order should not be made. At the hearing on the return of the order before Nelson, J., the court ordered that, upon filing a bond to be approved by the court, the defendant and all persons acting under his authority should be enjoined from any further prosecution of the action of said Hinkly as plaintiff against the plaintiff in this action as defendant in the supreme court for the county of Hudson, state of New Jersey, until final judgment in this action. From that order, defendant appealed. Reversed.

*A. J. Daley,* for appellant.

*E. H. Canfield,* for respondent.

TAYLOR, C.

According to the complaint, one Kubach, in September, 1908, by a fraudulent trick, induced plaintiff to write his name upon four pieces of paper which now appear as promissory notes. The complaint is drawn to bring the case within the provisions of section 2747, R. L. 1905, and sets forth facts which, if true, show that by virtue of that section of the code plaintiff has a complete defense against the notes, even in the hands of a bona fide purchaser. It is not claimed that defendant, the present owner of the notes, at the time he obtained them, had any knowledge of the fraud by which they were originally procured. It further appears from the complaint that the notes were signed at Luverne, Minnesota, and by their terms are payable at that place; that both plaintiff and defendant have been residents of Minnesota for many years and reside at Luverne; that plaintiff made a visit to Germany in the latter part of the year 1911 and, on returning from such visit in February, 1912, he landed in the state of New Jersey; that, immediately after he had landed, defendant commenced a suit against him in that state to recover the amount of these notes; that plaintiff answered in the New Jersey action and it is liable to be brought on for trial at any

time; that any judgment that may be rendered against plaintiff in New Jersey cannot be collected there, for the reason that he has never had any property in that state; and that nearly all his property is in Rock county, Minnesota. The complaint also asserts that the witnesses necessary to establish plaintiff's defense reside in Rock county, Minnesota, but no witnesses are named, and no facts are stated to which they will testify. The complaint further asserts that the action is brought in New Jersey to deprive plaintiff of the benefit of section 2747, R. L. 1905, and to prevent him from making his defense, but no facts appear, other than the distance between Minnesota and New Jersey, from which such an inference may be drawn. The judgment asked is that the notes be surrendered for cancelation, and that defendant be enjoined from further prosecuting any action upon them in the courts of New Jersey or elsewhere.

Upon the complaint, without any other affidavits or evidence upon either side, the trial court granted a temporary injunction restraining defendant from further prosecuting the New Jersey action until the termination of this action. From the order granting this injunction, defendant appeals.

That the courts of a state may, in a proper case, enjoin one citizen of the state from prosecuting a suit against another citizen of the state in the courts of a sister state is well settled, and is supported by numerous authorities. Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534; Cole v. Cunningham, 133 U. S. 107, 33 L. ed. 538; 16 Am. & Eng. Enc. (2d ed.) 421; Rader v. Stubblefield, 10 Ann. Cas. 20, and note at page 27.

"The question is, under what circumstances will a court of equity restrain a party from invoking the aid of the courts and processes of another state? It certainly will not do that, simply to compel him to carry on his litigation at home. It will not act upon the basis of any distrust of the courts of a sister state." Brewer J., in Cole v. Young, 24 Kan. 435, 439.

To warrant such an injunction, some sufficient ground for the interposition of a court of equity must be shown. Perhaps the most common ground for such action is that the prosecution of the foreign suit, if permitted, would result in evading some law that applies in the

state in which the parties reside. Courts will intervene where a suit is brought in a foreign court to evade exemption laws, or where a creditor proceeding in the foreign jurisdiction would secure a preference forbidden by the state of his residence, or perhaps where an action in the state of residence was prior in time, or, as said in Hawkins v. Ireland, supra, [p. 344]: "Whenever the facts of the case make such restraint necessary to enable the court to do justice, and prevent one citizen from obtaining an inequitable advantage over other citizens."

Ordinarily the court that first obtains jurisdiction retains it and other courts will not interfere. That it may be inconvenient to go to the foreign state to try the suit does not justify such interference. Donnelly v. Morris, 36 N. Y. St. 78, 13 N. Y. Supp. 427. "To justify equitable interposition it must be made to appear that an equitable right will otherwise be denied the party seeking relief." Royal League v. Kavanagh, 233 Ill. 175; Thorndike v. Thorndike, 142 Ill. 450, 84 N. E. 178; Carson v. Dunham, 149 Mass. 52, 20 N. E. 312, 3 L.R.A. 71, 34 Am. St. 90; Wyeth v. Lang, 54 Mo. App. 147, affirmed by supreme court, 127 Mo. 242, 29 S. W. 1010, 27 L.R.A. 651, 48 Am. St. 626; Boyd v. Hawkins, 17 N. C. 329. See also Bank v. Rutland, 28 Vt. 470; Spreckles v. Hawaiian, 117 Cal. 377, 49 Pac. 353; Burgess v. Smith, 2 Barb. Ch. 276; Home v. Howell, 24 N. J. Eq. 238.

In the present case the New Jersey suit is prior in time and plaintiff shows no equitable ground upon which the courts of Minnesota can intervene to stop the progress of that suit. The only basis for his application is that the notes are Minnesota contracts; that both parties and the plaintiff's witnesses, if he have any, reside in Minnesota; and that plaintiff has no property in New Jersey. There is nothing to show that the laws of New Jersey differ in any respect from those of Minnesota, or that he will not receive, in that state, the full benefit of the Minnesota statute upon which he relies. As said in Edgell v. Clarke, 19 App. Div. 199, 200, 45 N. Y. Supp. 979: "Unless we are prepared to say that, in all cases where two residents of this state have a dispute, we will compel them to litigate questions at issue between them in the courts of this state alone, and prevent

them by injunction from appealing to the courts of any other juris-
diction, we should not be authorized to interfere in this action."

Had suit been brought in Minnesota in advance of the New Jersey
suit, it might perhaps furnish a basis for an injunction. But the
New Jersey suit was brought before the present action and, so far as
the record shows, is the only suit ever brought anywhere to enforce
these notes or any of them.

Plaintiff had been abroad and it is not shown that defendant knew
he was returning to Minnesota. Plaintiff does not show that he has
any witnesses in Minnesota who can testify to anything material at
the trial. There is no showing that New Jersey is not the most con-
venient place of trial for defendant and his witnesses, if he have any,
nor that other legitimate reasons do not exist for bringing the suit
in that state. If the suit had been commenced in a remote county
of the state of Minnesota instead of in New Jersey, a motion for a
change of venue based on the ground of convenience of witnesses
would hardly be granted upon the showing here presented.

We are not to be understood as holding that an injunction may
not issue where the facts presented show that a trial of the suit in
the foreign court will impose an unreasonable burden upon the de-
fendant, and that it is brought in a distant state for the purpose of
compelling the defendant to forego his defense or incur unreasonable
and unnecessary expense, and not for any legitimate reason. But the
burden is upon one who seeks an injunction to present facts which
justify its issuance. No case has been cited by counsel in which
an injunction has been issued upon such a state of facts as is here
presented, and after a somewhat extended search we have been unable
to find any such case.

Order reversed.

PHILIP E. BROWN, J., took no part.