OLE MATSON, Appellant, v. SOUTHERN SURETY COMPANY, Appellee.

**RECEIVERS:** Liability on Bond—Breach of Unauthorized Contract. Sureties on a receiver's bond are not liable for a breach by the receiver of a contract of lease which the court has never authorized or approved.

Headnote 1:  34 Cyc. p. 507.

*Appeal from Cherokee District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

The opinion states the case.—*Affirmed*.

*Claud M. Smith*, for appellant.

*T. E. Diamond*, for appellee.

STEVENS, J.—This is an appeal from a judgment sustaining a demurrer to appellant's petition, and dismissing his cause of action at his costs. The petition and amendments thereto alleged that, on or about July 23, 1925, A. P. Blackman was appointed receiver in an action then pending in the district court of Cherokee County for the foreclosure of a mortgage, to rent the mortgaged premises and collect the rent; that the order making the appointment is as follows:

"That A. P. Blackman be and he is hereby appointed temporary receiver of the above described premises, to rent said premises, collect rents and profits therefrom, and to do and perform all duties required of receivers under the laws of this state. The annual rental of said premises being $1,850. Receiver's bond is fixed at $2,500."

It is further alleged that, on September 3, 1925, the said Blackman leased the said premises to him for a term of two years, at an annual cash rental of $1,280, but that said Blackman refused to permit appellant to have possession of the premises, and that by reason thereof he was damaged in a large sum, for which judgment is asked.

In addition to the foregoing allegations, the petition alleged that A. P. Blackman qualified as receiver by taking the prescribed oath and executing a bond in the penal sum of $2,500, signed by the appellee, Southern Surety Company, as surety, conditioned as follows:

"Now, if the said A. P. Blackman as such receiver, will render a true account of his office and of his doings therein to the proper authority, when required thereby, or by law; that he will promptly pay over to the officer or person entitled thereto, all moneys which may come into his hands by virtue of his office; that he will promptly account for all balances of money remaining in his hands at the termination of his office; that he will exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his said office, and deliver them to his successor, or to any other person authorized to receive the same; *and that he will faithfully and impartially without fear, favor, fraud or oppression, discharge all duties now or hereafter required of his office by law,* and the sureties on such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office, then this obligation to be void, otherwise to remain in full force and virtue."

This action is upon the bond, and the surety company is the sole defendant. To this petition the defendant demurred, upon the ground, among others, that there is no privity between appellant and appellee by reason of anything contained in the bond, and that same in no manner inured to the benefit

of the plaintiff upon the cause of action stated. The portion of the bond emphasized by appellant is printed in this opinion in italics.

Section 12713, Code of 1924, authorizes the appointment of a receiver in certain actions, and Section 12715 requires him to take an oath and file a bond ''in a penalty to be fixed by the court or judge, and conditioned for the faithful discharge of his duties, and that he will obey the orders of the court in respect thereto.''

The bond filed by Blackman conformed in all respects to the requirements of the statute. A receiver's bond covers two aspects of his duties: one, the care and preservation of the property that comes into his hands, and the other, the disposition or distribution thereof in accordance with the orders of the court. 2 Tardy's Smith on Receivers, Section 767. The statutory obligation which a receiver assumes is that he will faithfully discharge his duties as such, and make distribution and render an accounting of the property coming into his possession, and in all respects obey the orders of the court. 1 Clark on the Law of Receivers, Section 816; High on Receivers (4th Ed.), Section 133b.

It is not alleged in the petition that the lease in question was approved or ratified by the court. The rental specified therein was less than that specified by the court in the order appointing the receiver. The statute clearly does not contemplate liability for the breach of such a contract as we have here, but covers only such liability as may arise from the failure of the receiver to faithfully perform and discharge his duties and to render a proper accounting thereof. The precise question involved has not previously been decided by this court, but see *Saunders v. Stults*, 189 Iowa 1090; *Price v. Howsen*, 197 Iowa 324.

The portion of the bond italicized above adds little or nothing to the specific terms thereof, and cannot be construed to indemnify appellant for the loss, if any, sustained on account of the violation by the receiver of the lease in question. In other words, the matters alleged in the petition do not constitute a breach of the bond sued upon for which appellant may recover.

It follows that the judgment of the court below must be, and is, affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.