STATE EX REL. ROBERT P. RYAN AND ANOTHER v. THE
HONORABLE JOHN F. CAHILL AND OTHERS.

91 N. W. (2d) 144.

July 3, 1958—No. 37,607.

*Thomas, Bradford, King & Collatz,* for petitioners.
*Harry H. Peterson* and *Donald Ryan,* for respondents.

PER CURIAM.

This is the latest in a series of proceedings seeking to enjoin the alleged unauthorized practice of law by certain persons in the State of Montana. Briefly stated the facts are these: On February 17, 1958, petitioners, acting for themselves and the Committee on the Unlawful Practice of Law of the Montana Bar Association, commenced a class action in the District Court of the Thirteenth Judicial District of Montana. Named as defendants were the Brotherhood of Railroad Trainmen (hereafter referred to as the Brotherhood) and two of its officers; nine attorneys who are residents of Minnesota and are licensed to practice law in this state; ten residents of Montana; two other individuals whose residences are not disclosed; and certain railroads.

In the complaint petitioners charged that the Brotherhood had conspired with one of the defendant attorneys to create a nationwide program of organized solicitation of personal injury actions against various railroad corporations and that said attorney is one of 16 attorneys who was designated to receive the resulting business; that the remaining defendant attorneys were also associated in this plan; that the defendant residents of Montana were engaged in reporting any accidents to the Brotherhood, the defendant lawyers, or the other defendants who acted as "runners," and were paid a fee for so doing; that as a result of these reports the injured parties were solicited with a view to retaining defendant attorneys to negotiate their claims with the

various railroad companies and to settle them or engage in litigation; and that these acts constituted the practice of law without a license and violated the laws of Montana. The relief sought was a permanent injunction against the individual defendants to restrain them from engaging in the alleged acts and a permanent injunction against defendant railroads to prevent them from dealing further with the other defendants in matters involving personal injury actions.

A temporary restraining order was issued by the Montana district court which, in effect, granted the relief sought in the complaint pending further proceedings. In April 1958 a motion was made in the Montana court to take depositions of five residents of Minnesota, two of them defendants in the original action. The court ordered that the depositions be taken in Minneapolis. When petitioners arrived in Minneapolis to take the depositions, they were served with a temporary restraining order signed by Judge John A. Weeks of the District Court of the Fourth Judicial District and with an order to show cause why certain subpoenas which had been issued to require certain witnesses to appear for the taking of depositions should not be quashed, signed by Judge John F. Cahill of the District Court of the Fourteenth Judicial District. Judge Weeks' order was the outgrowth of an action in his court by the Brotherhood against petitioners and others to enjoin them from engaging in alleged vexatious litigation and was issued on the grounds that petitioners were not the proper parties plaintiff in the Montana action. Judge Cahill's order was based upon the affidavit of one of the defendants in the Montana action that the depositions were being taken for fraudulent purposes and simply to harass the Brotherhood. Hearings on the two orders were set for late summer. Petitioners now request this court to issue a writ of prohibition annulling the orders of Judges Weeks and Cahill and directing them to refrain from proceeding further in these actions.

There is no dispute here regarding the rules of law which are applicable to writs of prohibition. In the words of petitioners, "The only question seems to be whether or not the facts in this case are sufficient to warrant the Supreme Court's disposing of this matter expeditiously." Upon a review of all the records, briefs, and memoranda; after hearing oral argument on the issues; and for the reasons hereafter

stated, we conclude that the writ should not issue.

The legal principles governing writs of prohibition are adequately covered in 15 Dunnell, Dig. (3 ed.) §§ 7839 to 7848a, and the cases cited therein. In so far as they are applicable to this case they may be summarized as follows: The writ is an extraordinary writ issuing out of this court to keep inferior courts from exceeding their jurisdiction. It issues in the discretion of the court only in extreme cases where the law provides no other adequate remedy and should be used with great caution. Three things are necessary to justify issuance of the writ: (1) The court must be about to exercise a judicial power; (2) the exercise of such power must be unauthorized by law; and (3) the exercise of such power must result in injury for which there is no other adequate remedy.

We have no difficulty in concluding that the lower courts in the instant case are about to exercise a judicial power. Both the issuance of an injunction and the quashing of subpoenas fall within the term "exercise of judicial power." However, we do not find any adequate showing of the other requirements which will justify issuance of the writ. Upon oral argument in this court it appeared without dispute that the issues involved in the matter before Judge Cahill were moot because the time set for taking the depositions had passed. Hence we need only consider whether Judge Weeks had jurisdiction to issue the temporary restraining order. The basis of his action was the Brotherhood's allegations that petitioners were not the proper parties' plaintiff in the Montana proceedings and that they were engaged in vexatious litigation. It is well settled that the courts of this state will act to enjoin vexatious litigation.[1] It, therefore, follows that the courts have the jurisdiction to entertain an action for that purpose and to issue the necessary interlocutory orders pending a final determination of the matter.

Nor does there appear to be an inadequate remedy available to petitioners. They still have the right to appeal from the proceedings in the district court. The fact that the appeal may be more expensive or may consume somewhat more time is not sufficient to justify circum-

[1]Freick v. Hinkly, 122 Minn. 24, 141 N. W. 1096, 46 L.R.A. (N.S.) 695.

venting the normal procedure.[2] Moreover, on appeal we will not be denied the opportunity, as we are now, to determine the case on its merits.[3]

One final issue merits consideration. Upon oral argument in this court the attorneys for one of the parties requested us to investigate fully and completely the entire role which the Brotherhood plays in the personal injury litigation of its members as was done by the Illinois Supreme Court,[4] and to make such order or to enter such judgment in reference thereto as we deem advisable and proper. The attorneys for the other party acquiesced in the suggestion and joined in the request. Two difficulties are present here which were not present in the Illinois case. First, upon denial of this petition, nothing further will be pending before us. However, since there is merit in such a course of action, the parties, or either of them, if they so desire, may proceed by way of a declaratory judgment proceeding in this court to have such an adjudication.[5] Second, since the parties hereto have a sufficient interest in the outcome of such an action, it appears that they ought to bear the costs and expense of the proceeding, especially since this court does not have the necessary funds to carry on the thorough investigation which would be necessary to arrive at a proper decision. Therefore, upon the filing in this court of notice and assurance that the expenses of this matter ·will be taken care of and paid and upon the commencement of the declaratory judgment proceeding, a district judge will be appointed by this court to hold hearings, take testimony, and make findings of fact and conclusions of law, with the right of appeal to this court for a final determination.

The petition is denied.

---

[2]State ex rel. Beede v. Funck, 211 Minn. 27, 299 N. W. 684.

[3]State ex rel. Flodin v. District Court, 222 Minn. 546, 553, 25 N. W. (2d) 692, 696.

[4]In re Brotherhood of Railroad Trainmen, 13 Ill. (2d) 391, 150 N. E. (2d) 163.

[5]M. S. A. 555.01 provides that courts within their respective jurisdictions may grant declaratory judgments, and by M. S. A. c. 481, it is within the jurisdiction of this court to formulate the rules regarding the practice of law in this state.