## GRIGGS, COOPER & COMPANY, INC., AND ANOTHER v. LAUER'S, INC., AND ANOTHER.

119 N. W. (2d) 850.

December 21, 1962—No. 38,901.

*William I. Fine, Ralph S. Schneider,* and *Fine, Simon & Schneider,* for relators.

*E. W. Murnane* and *Murnane, Murnane, Battis & deLambert,* for respondent.

NELSON, JUSTICE.

This matter comes before this court on a writ of prohibition. The facts and circumstances involved are as follows: On July 29, 1961, Griggs, Cooper & Company, Inc., and Lynn Johnson Company, Inc., as unsatisfied creditors commenced an action in Ramsey County District Court against Lauer's, Inc., and C. Donald Rieck. (This will be referred to herein as the first action.) Rieck interposed an answer, but none was interposed by or on behalf of Lauer's, Inc., which was dormant and inactive and allegedly is without assets except a cause of action against Rieck.

Thereafter plaintiffs moved for an order sequestering the assets and things in action of the corporate defendant and appointing a receiver pursuant to Minn. St. 316.05 and authorizing such receiver to bring an action against Rieck. An order of sequestration was entered January 12, 1962. The order appointed Robert A. Dworsky receiver and provided that before entering upon his duties he should furnish a receiver's bond "to the defendant" with proper sureties in the sum of $5,000. The receiver obtained a bond of that amount, filing it with the court and serving a copy upon Rieck, pursuant to the order and to §§ 574.01, 574.11, 574.20, and 574.22, and District Court Rule 23(c).

The receiver then obtained permission from the court to engage counsel to prosecute an action against Rieck and on April 17, 1962, brought suit against him seeking judgment for $30,000. As alternatives, the receiver sought a judgment requiring Rieck to account for proceeds from the sale of a liquor license and from the sale of the physical assets of the corporation; or declaring that Rieck received said proceeds subject to a constructive trust in favor of said corporation and enforcing such constructive trust; or impressing said proceeds with, and foreclosing, an equitable lien in favor of the corporation. In his answer in this action Rieck alleged that "plaintiff has failed to comply with the previous order of this court requiring the plaintiff-receiver to furnish a bond to the defendant"; that the receiver had no right to sue and therefore was an improper party plaintiff; that prior to the commencement of the action Rieck was a secured creditor of the corporation by reason of an instrument executed by all its stockholders; that said instrument provided for remedies in the event of a default by the corporation or the stockholders; that upon default Rieck pursued one or more of such remedies, after proper notice as provided in the instrument; and that after doing so, his claim still remained unsatisfied in the amount of $5,000.

Rieck further specifically denied that his actions constituted illegal or improper conduct and that they resulted in loss or damage to anyone. In Paragraph X of the answer he alleged that the receiver—acting for himself, his attorneys, and plaintiffs in the first action—issued and published libelous statements in his complaint and that his action was instituted in bad faith solely to libel Rieck and to cause him further embarrassment and expense in defending the action. In addition to this answer, on June 8, 1962, Rieck moved for an order requiring plaintiff to comply with the previous order of the court. At the same time the receiver moved that Rieck's motion be stricken; that certain parts of his answer be stricken; and for judgment upon the pleadings pursuant to Rule 12.03, Rules of Civil Procedure, or for summary judgment pursuant to Rule 56.

The court thereafter made an order striking Paragraph X of Rieck's answer and further providing:

"The motion by the defendant to clarify the order of January 12, 1962, is hereby granted, and it is ordered that the last paragraph of the order of January 12, 1962, be amended to read as follows:

"IT IS FURTHER ORDERED That before said receiver enters upon his duties, he shall furnish a bond to the defendant, with proper sureties, in the sum of $5,000.00, conditioned to pay all costs and damages, including attorneys' fees sustained by defendant, Rieck, in consequence of said suit, if judgment be in favor of the defendant, Rieck, or if the receiver dismisses any suit brought against him, providing, however, that any suit so brought by the receiver shall be found to be groundless or in bad faith or maliciously instituted.

"It is understood that this bond is in addition to the receiver's bond posted to protect others.

"IT IS FURTHER ORDERED That the original bond posted herein may be reduced from $5,000.00 to $1,000.00."

In seeking a writ of prohibition, plaintiffs in the first action allege that the order requiring the receiver to furnish a second bond running to Rieck exceeds the jurisdiction of the court. They claim also that the second bond places the receiver in the precarious position of guaranteeing that they instituted the receivership proceedings in good faith, a matter which they assert is not the receiver's responsibility.

1.  As this court has frequently stated, the writ of prohibition is an extraordinary writ issuing out of this court to keep inferior courts from exceeding their jurisdiction. It issues in the discretion of the court only in extreme cases where the law provides no other adequate remedy and should be used with great caution. To obtain the writ, relators must therefore show: (1) That the court is about to exercise judicial power; (2) that the exercise of such power is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy. State v. Hartman, 261 Minn. 314, 112 N. W. (2d) 340; Nemo v. Local Joint Executive Bd. 227 Minn. 263, 35 N. W. (2d) 337, 811; State ex rel. Ryan v. Cahill, 253 Minn. 131, 91 N. W. (2d) 144.

As already indicated, the subject of receivers' bonds is covered by District Court Rule 23 (Minn. St. 1961, p. 4939), which provides in part:

"Every receiver after his appointment shall give a bond to be approved by the court in such sum and conditioned as the court shall direct * * *,"

and by Minn. St. 574.11, which provides:

"Bonds given by receivers and trustees appointed by the district court in any action or proceedings shall run to the state of Minnesota for the benefit of all persons in interest. Any person interested may maintain an action in his own name upon any such bond."

2-3. The receiver holds a unique position as between the plaintiff and defendant in a proceeding such as this. He is in no way responsible for the actions of the plaintiff in instituting the action, nor is he responsible to defendant for taking and holding the debtor's property; but he is responsible to the parties for his conduct and management of property coming into his possession. In T. L. Smith Co. v. Orr (8 Cir.) 224 F. 71, 73, Judge Sanborn observed:

"* * * The position of a receiver in a suit brought by a creditor against an insolvent debtor for the appointment of a receiver, the administration and sale of his property, and the distribution of its proceeds among his creditors is more nearly analogous to that of an administrator of the estate of a deceased person than that of an assignee for the benefit of creditors. He is appointed, his powers are conferred, and his duties are imposed by the court and the law, and not by the voluntary conveyance of the debtor. His primary duty is to hold, administer, convert into money, and distribute the proceeds of the property for the benefit of creditors, for they have the larger, and generally the entire, pecuniary interest in it."

Our research indicates that security bonds, furnished by plaintiffs to cover costs and damages of defendants, are generally creatures of statute and are not required in the absence of a statute. The usual receiver's bond is not furnished for the purpose a security bond is, but covers two general aspects of the receiver's duties—the preservation of the property coming into his hands and the distribution of the property in accordance with the court's orders. See, Matson v. Southern Surety Co. 204 Iowa 632, 215 N. W. 630.

In many jurisdictions provision is made for the filing of a plaintiff's bond upon any ex parte appointment of a receiver, but this state does not have such a requirement. District Court Rule 23b (Minn. St. 1961, p. 4939) provides:

"* * * Receivers shall be appointed only upon notice to interested parties, such notice to be given in the manner ordered by the court; but if it shall be clearly shown that an emergency exists requiring the immediate appointment of a temporary receiver, such appointment may be made ex parte."

Jurisdiction to determine the merit of a plaintiff's application for the appointment of a receiver is of course vested in the district court. In determining whether the plaintiff should post a bond to indemnify the defendant against a wrongful appointment, we think that the rule to be followed is that stated in 1 Clark, Receivers (3 ed.) § 79.1:

"The court in appointing a receiver must be satisfied that there is a probability that the plaintiff will prevail on the final determination of the case. All this means that the equities of the case indicate that justice will be done by taking the property out of the hands of the defendant and placing it in the hands of the court. It, therefore, follows that under the usages and rules of equity in *ordinary* cases the plaintiff is not required to give a bond." (Italics supplied.)

We have, however, found no authority in which the *receiver* posts such a bond to indemnify a party against improper institution of the receivership. In Fidelity & Deposit Co. v. A. G. Col Co. (9 Cir.) 41 F. (2d) 121, the plaintiff, whose property had been placed under receivership, brought an action on the receiver's bond, attempting to prove that the receivership had been wrongfully obtained and that the bond had been filed for the purpose of protecting plaintiff in those circumstances. In discussing the distinction between a receiver's bond and a plaintiff's bond, the court stated (41 F. [2d] 122):

"* * * The functions of such bonds are entirely distinct; the one would be to guarantee the fidelity of the receiver whether rightfully or wrongfully appointed, and the other to indemnify the defendant

against wrongful appointment of a receiver. It would be most extraordinary to require a receiver to give a bond to indemnify a party if it should ultimately be adjudged that his appointment was wrongful; that is a matter with which he has no concern."

Standard texts on the subject of receivership agree with this statement. 2 Tardy's Smith, Receivers (2 ed.) § 765, states:

"The bond given by the plaintiff, or party applying for the appointment of a receiver, is usually conditioned to pay damages if it is finally determined that the appointment was obtained wrongfully, maliciously, or without sufficient cause, or if it is finally determined that the appointment ought not to have been made. This bond has no reference to the conduct of the receiver and no liability under it can be based on his acts."

1 Clark, Receivers (3 ed.) § 79.1, states:

"When a party at whose instance a receiver is appointed gives a bond, this bond is generally to indemnify the defendant against the wrongful appointment. When a receiver qualifies by giving a bond, such a bond guarantees the faithful performance of the receiver's duties irrespective of whether or not the receiver was rightfully or wrongfully appointed."

4. In view of the foregoing, we hold that a receiver's responsibility in no way extends to the good faith of those who institute the receivership proceedings; that he is responsible only for his care of the assets that come into his possession and for his execution of the duties assigned him by the district court; and that if bonds are to be required to indemnify parties against the wrongful appointment of a receiver, they should be filed by the person seeking receivership and in no case by the receiver. We therefore hold that the court's order of June 20, 1962, requiring the receiver to furnish a second bond covering defendant Rieck's costs and damages was beyond the jurisdiction of that court and is void.

The writ is made absolute.