**DOLLAR TRAVEL AGENCY, INC., etc., et al., Appellants,**

**v.**

**NORTHWEST AIRLINES, INC., Respondent,**

**Air Traffic Conference of America, a Division of Air Transport Association of America, Respondent.**

No. C2–84–705.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Manly A. Zimmerman, Zimmerman & Bix, Minneapolis, for appellants.

David A. Ranheim, Dorsey & Whitney, Minneapolis, for Northwest Airlines, Inc.

William Z. Pentelovitch, Maslon, Edelman, Borman & Brand, Minneapolis, for Air Traffic Conference of America, a Division of Air Transport Association of America.

Considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The trial court summarily dismissed Dollar Travel's fraud claims against the Air Traffic Conference (ATC) and Northwest Airlines for failure to state a claim upon which relief can be granted. The court also found that Dollar Travel's complaint against ATC is barred by res judicata. The trial court awarded ATC and Northwest attorneys' fees in recognition of Dollar Travel's "classic abuse of process." Dollar Travel appeals. We affirm.

## FACTS

In July 1981, Marsha Hunt, an employee of Dollar Travel, issued four international

Northwest Airline tickets to her brother John Hunt. John Hunt claims he paid Dollar Travel $11,400 for the tickets. The travel agency admits receiving $11,400, but contends the money was a loan to be repaid in four installments due in October 1981, and January, April and July 1982. Dollar Travel alleges that the tickets were stolen.

In August 1981, John Hunt returned the four tickets to Dollar Travel and received three others and $2,760, the price of one ticket. John Hunt contends the payment was a refund; Dollar Travel, that it was a loan payment unrelated to the tickets. A few days later Dollar Travel reported to the police the theft of the three new tickets issued to Hunt.

John Hunt subsequently sought a refund for those three tickets. When Dollar Travel refused, John and Marsha Hunt complained to the ATC and the Hennepin County Attorney's office. Dollar Travel paid John Hunt another $2,760 in January 1982, but has not made the final two payments under the alleged loan agreement. Hennepin County brought criminal theft charges against Garrett Barry, the owner of Dollar Travel in July 1982. The charges were later dropped as part of a negotiated settlement.

The ATC also investigated the matter. An ATC investigator allegedly told Barry that the Hunts' attorney had, and would keep, the three tickets; that the Hunts did not intend to seek a refund; and that, as far as he was concerned, the matter was closed. The Hunts returned the disputed tickets in September 1982 to Northwest for a refund of the remaining $5,520. The airline turned the tickets over to Hennepin County.

Dollar Travel alleges that as a result of the ATC investigator's misrepresentations to Barry, and Northwest Airlines' wrongful cooperation with the Hennepin County prosecution, the company was forced out of business and Barry suffered mental anguish.

Barry and Dollar Travel have filed at least seven other lawsuits as a result of their dispute with the Hunts. One alleged that ATC breached a contract duty "to protect Plaintiff Barry and to persuade the authorities not to prosecute Plaintiff Barry for theft." The trial court granted summary judgment in favor of ATC. No appeal was taken and that judgment is final.

## ISSUES

1. Is appellants' claim against ATC barred by res judicata?

2. Have appellants alleged sufficient facts to state a claim of fraud upon which relief can be granted?

3. Are respondents entitled to attorneys' fees under Minn.Stat. § 549.21?

## ANALYSIS

### I.

The action against ATC is barred by res judicata. A party may not split a cause of action and bring successive suits involving the same set of factual circumstances. *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn.1978).

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963); *see Bifulk v. Evans*, 353 N.W.2d 258 (Minn. Ct.App.1984).

The instant case arises out of the same facts as Dollar Travel's earlier contract action. Both complaints allege that ATC's wrongful conduct caused, or failed to prevent, prosecution by the Hennepin County authorities. The only distinction is that this case is characterized as a tort action, while the earlier case was a contract action. Dollar Travel could have brought both claims at once. The company, having

failed with its contract claim, cannot now relitigate the same basic issues under a tort theory.

## II.

In any event, Dollar Travel's complaint fails to set forth a cognizable claim of fraud against either ATC or Northwest.

In Minnesota, to prove a prima facie case of fraud, it must be shown that there was a false representation by a party of a past or existing material fact susceptible of knowledge, made with knowledge of the falsity of the representation, or made as of his own knowledge without knowing whether it was true or false, with intention to induce another to act in reliance thereon, and that the representation caused the other party to act in reliance thereon to his pecuniary damage.

*Burns v. Valene*, 298 Minn. 257, 261, 214 N.W.2d 686, 689 (1974).

Dollar Travel claims it was injured by its reliance upon the ATC investigator's assurances that Hunts did not intend to seek a refund, that their attorney would keep the tickets, and that the ATC considered the matter closed.

■ The complaint against ATC lacks essential elements of a fraud claim. Arguably, all of the statements complained of were predictions or opinions. Fraud must relate to past or existing fact and cannot be predicated on statements of intention or opinion. *Cady v. Bush*, 283 Minn. 105, 109, 166 N.W.2d 358, 361 (1969).

However, even if we accept that the ATC investigator made material misrepresentations of past facts to Barry, the complaint is inadequate. Dollar Travel's allegations do not establish either reasonable reliance upon the misrepresentations or injury proximately caused by such reliance. Dollar Travel claims that it relied upon the statements in making the second installment payment. But, according to Dollar Trav-

el's own theory of the case, the company owed Hunt the money. So the payment resulted in no injury.

Dollar Travel also claims it relied on the ATC investigator's assurances in doing nothing more to prove Barry was not liable for theft of the proceeds of the tickets. That reliance might be reasonable with regard to the ATC investigation, but *not* with regard to the Hennepin County investigation. The Hunts, not the ATC, initiated the criminal investigation. ATC had no duty, contractual or otherwise, to persuade the authorities not to prosecute Barry. Furthermore, there is no causal relationship between the misrepresentations and the damages Dollar Travel claims to have suffered because of the criminal prosecution.

Dollar Travel's complaint against Northwest is similarly defective. It alleges only that Northwest provided the authorities the tickets at issue. The complaint contains no allegations which would justify holding the airline vicariously liable for the representations of the ATC investigator. Northwest is not liable merely because it cooperated with the county's criminal investigation.

## III.

■ We agree that Dollar Travel's suit is a classic case of abuse of process. Therefore, we find that the trial court did not abuse its discretion by awarding ATC and Northwest attorneys' fees pursuant to Minn.Stat. § 549.21 (1982).

### DECISION

We affirm the trial court's summary dismissal of Dollar Travel's fraud claims and the award to ATC and Northwestern of $500 attorneys' fees each. In addition, we order Dollar Travel to pay ATC and Northwest $750 each for attorneys' fees upon appeal.

Affirmed.