**Harriet M. LIEDTKE, Appellant,**

**v.**

**John FILLENWORTH, et al.,**
**Respondents.**

**No. C8–85–489.**

Court of Appeals of Minnesota.

Aug. 6, 1985.

Review Denied Sept. 13, 1985.

Harriet M. Liedtke, pro se.

Michael E. Orman, Harper, Eaton, Peterson & Orman, Heather L. Sweetland, Duluth, for respondents.

Considered and decided by POPOVICH, C.J., PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge

Appellant appeals an adverse judgment. She claims the trial court erred by (1) dismissing her claim under principles of res judicata, (2) enjoining her from bringing further litigation against respondents, and (3) awarding respondents costs and attorneys' fees. We affirm.

## FACTS

This litigation arose from a single car accident on December 26, 1981 in which appellant was driving. Appellant reported the accident to her insurer, Prudential, two days later. Appellant chose Duluth Auto Body to make the needed repairs. Kenneth Hoffman, the Prudential agent, prepared a written estimate of damages. Appellant received complete payment of $1714 for the damages, which included a $100 deductible.

Sometime later, appellant sued Duluth Auto Body for improper repair, obtained a judgment for $364.58, and collected this amount by writ of execution. Throughout this period, appellant acknowledged Prudential had fulfilled its obligations to her.

In August 1982, appellant brought two actions against the Pollas d/b/a Duluth Auto Body in St. Louis County Conciliation Court. These suits were based on the same facts as the previous suit and sought $1250 damages. The conciliation court dismissed the suit, and appellant removed the action to the district court. In district court, the Pollas brought a counterclaim seeking general and punitive damages. The Pollas prevailed on their counterclaim. Appellant's motion for a new trial in district court, appeal to this court, and petition for review in the supreme court were unsuccessful.

Appellant later moved to the Twin Cities area and commenced an action against Prudential and Hoffman in Hennepin County Conciliation Court. In this action, appellant claimed Prudential and its agent were obligated to declare her car a total loss and make payment accordingly. The conciliation court ruled in favor of Prudential and

its agent. Appellant removed the matter to the Hennepin County Municipal Court. The matter was scheduled for trial on December 13, 1983. After unsuccessfully seeking a continuance, a judgment of dismissal with prejudice was entered pursuant to Minn.R.Civ.P. 41.02(3). Appellant's requests for relief in this court and before the Minnesota Supreme Court were unsuccessful.

Appellant commenced the instant action against respondents in St. Louis County Court. All respondents, except John Fillenworth, were parties in the previous litigation. Fillenworth represented the Pollas in previous litigation with appellant. The complaint in this action involved the same 1981 accident and included vague allegations of fraud and perjury against respondents. The trial court dismissed the action on the basis of res judicata and failure to state a claim. Appellant was enjoined from commencing further legal proceedings in this state against respondents for any losses arising from the 1981 accident. Appellant was also ordered to pay $1400 in attorneys' fees plus costs.

### ISSUES

1. Did the trial court properly dismiss the claims against respondents?

2. Was appellant properly enjoined from further litigation?

3. Was the award of attorneys' fees an abuse of discretion?

### ANALYSIS

■ 1. The trial court correctly concluded appellant's claims against respondents were barred by principles of res judicata. A party may not endlessly relitigate the same issues. Once a final judgment is entered, further litigation may not be commenced.

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Dollar Travel Agency, Inc. v. Northwest Airlines, Inc.,* 354 N.W.2d 880, 882 (Minn. Ct.App.1984) (quoting *Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963)), *pet. for rev. denied,* (Minn. Dec. 21, 1984).

■ The claims raised by appellant were or should have been litigated in the prior actions. The public good is served by an end to litigation, and the trial court correctly determined this matter is barred by principles of res judicata. *See Hauser v. Mealey,* 263 N.W.2d 803, 807 (Minn. 1978); *Green v. Independent Consolidated School District No. 1,* 256 Minn. 185, 187–88, 98 N.W.2d 86, 89 (1959). The allegations against Fillenworth were correctly dismissed for failure to state a claim upon which relief may be granted. *See Williams v. Grand Lodge of Freemasonry,* 355 N.W.2d 477, 480 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Dec. 20, 1984).

■ 2. The trial court acted within its discretion by enjoining appellant from continuing this series of vexatious lawsuits. *State ex rel. Ryan v. Cahill,* 253 Minn. 131, 134, 91 N.W.2d 144, 147 (1958); *Freick v. Hinkly,* 122 Minn. 24, 141 N.W. 1096 (1913).

■ 3. The trial court's award of attorneys' fees in this matter was not an abuse of discretion. The award was authorized by Minn.Stat. § 549.21 (1984) for the bad faith bringing of frivolous, vexatious claims. Although we are normally reluctant to grant an award of attorneys' fees against a pro se litigant, appellants conduct has been extreme and warrants the award. *See Dollar Travel,* 354 N.W.2d at 883.

### DECISION

The trial court properly dismissed appellant's claims against respondents. Injunctive relief was appropriate to prevent further vexatious litigation. The trial court's award of attorneys' fees was not an abuse of discretion. Respondents Prudential Property and Casualty Company and Ken-

neth Hoffman are jointly awarded $500 attorneys' fees for the cost of defending this appeal. Respondents John Fillenworth, Eleanor Polla and Wayne Polla are jointly awarded $500 attorneys' fees for the cost of defending this appeal.

Affirmed.