*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0945**

Shuqin Liu,
Appellant,

vs.

Waymouth Farms, Inc.,
Respondent.

**Filed January 19, 2016
Affirmed
Reilly, Judge**

Hennepin County District Court
File No. 27-CV-14-3544

Shuqin Liu, Apple Valley, Minnesota (pro se appellant)

Ryan R. Dreyer, Morrison Sund PLLC, Minnetonka, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges the district court's grant of judgment as a matter of law (JMOL), dismissing appellant's claim for retaliation in violation of the Minnesota Human Rights Act, and imposition of $10,000 in sanctions pursuant to Minn. R. Civ. P. 11. Appellant asserts that the district court erred by (1) determining that appellant failed to

establish a prima facie case of retaliation; (2) denying his motion for a new trial and to remove the judge for bias; and (3) imposing sanctions post trial.  We affirm.

## FACTS

Appellant Shuqin Liu filed suit against his employer, respondent Waymouth Farms.  In the summons and complaint, appellant alleged racial discrimination and retaliation for filing a racial discrimination claim under the Minnesota Human Rights Act.  Appellant initially sought $500,000 in damages.  By trial, appellant voluntarily limited his claim to retaliation and the amount of damages sought to $10,000.

Appellant, who represented himself, failed to meaningfully comply with discovery.  At the outset, the parties agreed that the primary subjects of discovery would include appellant's employment history and current employment, information about appellant's job search efforts, and information on appellant's e-mail accounts.  Despite the agreed-upon terms, appellant failed to meet discovery deadlines, failed to respond to numerous interrogatories, and failed to produce requested discovery.  Respondent filed a motion to compel discovery, which was ultimately mooted when appellant voluntarily dismissed the claim of racial discrimination.  Due to the meritless nature of appellant's claim and appellant's failure to comply with discovery, respondent served notice of a motion for sanctions on appellant on January 27, 2015.  Respondent complied with the safe-harbor provision of Minn. R. Civ. P. 11, which requires the party seeking sanctions to serve a motion on the party against whom it is seeking sanctions, but refrain from filing it with the court for 21 days after service in order to give the party time to correct its potentially sanctionable conduct.  Minn. R. Civ. P. 11.03(a)(1); *see also* Minn. Stat. § 549.211, subd.

2

4(a) (establishing the same requirement). Before the trial, the district court discussed the motion for sanctions with appellant on the record, confirming that appellant had been served and understood what the motion meant.

At trial, appellant alleged three instances of retaliation. The first incident occurred the day after appellant filed an internal claim of racial discrimination. Appellant asked a human-resources employee for a copy of the employee handbook, and the employee refused to give it to him immediately. Appellant admitted that he raised his voice during the encounter. The next day, the president of the company sent appellant an e-mail informing him it was "inappropriate" to raise his voice to the human-resources employee. Based on that e-mail, appellant claims that the president "falsely accused" him of intimidating another employee as retaliation for filing the discrimination complaint.

The second incident occurred a few weeks later when a manager at Waymouth Farms asked appellant why he took extended lunch breaks. Appellant responded that the breaks were justified because he worked ten-hour days. Appellant explained that he arrives at work at five in the morning. When the manager asked why, appellant responded he was working for his "partial company." The manager asked for more information about the "partial company" to determine if there was a conflict of interest. Appellant then denied working for another company, stating it was a "slip of tongue"; however, the manager persisted in asking for more information. Appellant claims that the manager's attempts to get information about additional companies appellant may have worked for was in retaliation for filing the discrimination claim.

The third incident occurred on November 26, 2012. Appellant read a newspaper article about "the interesting phenomena of [the] goat celebration" which occurs when the last in class at West Point is given a cash award and called the "goat." He told the marketing manager about the article he read and asked her if she was the "goat." On December 5, 2012, appellant received an e-mail from his manager which stated "it is not acceptable to call other people names." Although appellant admitted to calling the marketing manager a goat, he alleged the e-mail falsely accused him of calling people names. He believes he was "falsely accused" of calling people names in retaliation for filing a discrimination claim.

Appellant testified that during the "retaliation period" his pay was never decreased, nor was he demoted or suspended. Instead, appellant alleged he was terminated because he was informed he did not need to return to work after he voluntarily resigned on December 26, 2012, even though he told respondent his last day of work would be January 2, 2013.

At the close of appellant's case, respondent moved for JMOL. The district court granted the motion from the bench. It stated:

> Mr. Liu, I believe you have failed to show a prima facie case of retaliation under Minnesota Statute 363A.15. If I take, as I do, what you have said to be true, independent of the concerns about your credibility raised on cross-examination, I find that the three incidents you have reported do not meet the legal standard for reprisal.

On March 20, 2015, respondent moved for sanctions pursuant to Minn. R. Civ. P. 11 and Minn. Stat. § 549.211. Respondent provided the district court with the supporting

4

documents that had been served on appellant in January including appellant's acknowledged receipt of the motion. On March 23, 2015, the district court issued a written order granting JMOL. The district court ordered appellant to respond to the motion for sanctions within 14 days, noting that a failure to do so would result in the court awarding fees and costs to respondent. On April 6, 2015, appellant filed an answer to the motion for sanctions, arguing that it was frivolous because his case was not meritless. Between April 14 and 20, 2015, appellant filed various affidavits "of bias or prejudice" and a motion for a new trial. The district court treated the affidavits as a motion to remove a judge. It determined that the allegations were meritless and denied both motions on April 23, 2015.

On May 6, 2015, the district court granted respondent's motion for sanctions, noting that appellant "failed completely and utterly to establish his prima facie case [for retaliation]" and that respondent followed the procedural requirements of Minn. R. Civ. P. 11 and Minn. Stat. § 549.211. The district court reasoned a sanction of $10,000, payable to respondent, "may be the amount necessary to deter [appellant] from filing similar frivolous litigation." The district court noted the amount was a fraction of the cost respondent incurred in defending the suit and paralleled the amount appellant believed should have been paid to him, "or at least the amount he was willing to take to avoid responding to discovery and then taking his (meritless) case to trial." The district court acknowledged that the sanction may be greater than necessary, noting that no information was provided regarding appellant's earnings or wealth, and invited appellant to submit documentary evidence of his financial situation with an argument for a lower sanction no

later than May 27, 2015. Appellant did not submit any of the requested information, and the court issued an order imposing sanctions on June 9, 2015.

## D E C I S I O N

### I.

Appellant challenges the district court's grant of JMOL, arguing that the court erred in determining that appellant failed to establish a prima facie case of retaliation. The district court dismissed appellant's case pursuant to Minn. R. Civ. P. 41.02(b); we review under an abuse of discretion standard. *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 395 (Minn. 2003). The district court concluded that appellant failed to establish a prima facie case of retaliation. "In order to establish a prima facie case where an alleged retaliatory discharge is involved, an employee must establish: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two." *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 444 (Minn. 1983). The parties stipulated that the first prong was satisfied. The district court dismissed the case because it determined that appellant did not meet his burden in establishing "adverse employment action."

Appellant alleges he was terminated and, therefore, suffered adverse employment action. Appellant argues "[f]orcing someone to leave his or her job before their resignation date is an adverse employment action." In support of his argument he cites an unemployment-benefit-eligibility statute, Minn. Stat. § 268.095 (2014), but does not identify, nor could we find, any legal authority applying that statute to a retaliatory-discharge claim. We are not persuaded by appellant's argument that he was terminated

6

*after* voluntarily resigning. Because appellant was not terminated and alleged no other adverse employment action, the district court did not abuse its discretion in granting JMOL.

**II.**

"We review a district court's new trial decision under an abuse of discretion standard." *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010). Appellant argues that the district court abused its discretion in denying appellant's motion for a new trial by limiting appellant's claims and relying on inadmissible evidence. Appellant further argues the district court was prejudiced and biased against him.

Appellant alleges the district court erred by "limiting the evidence to allegations of retaliation, rather than hearing additional evidence on the underlying race discrimination [claims]." However, appellant voluntarily limited his claim to retaliation, and the district court did not abuse its discretion when it limited the evidence to what was relevant to the retaliation claim. *See Johnson v. Wash. County*, 518 N.W.2d 594, 601 (Minn. 1994) ("Evidentiary rulings concerning . . . relevancy . . . are within the [district] court's sound discretion and will only be reversed when that discretion has been clearly abused.").

Appellant next argues that it was error for the district court to consider evidence of his prior lawsuits against other employers. In its written order granting JMOL, the district court briefly discussed two lawsuits appellant filed against previous employers; however, the court noted the "observation is not necessary to the conclusions reached here." The district court addressed this argument in its motion denying a new trial:

> [Appellant] alleges that the Court's acknowledgement . . . of other cases publicly filed within this district and available on MNCIS showing that [appellant] found other employment and

7

> sued other employers was prejudicial to his case. These facts were not material to resolving Waymouth Farms' motion and [appellant] may attempt to convince the Court of Appeals of any error.

A district court may take judicial notice of court records and files from prior adjudicative proceedings, but should identify what is being judicially noticed; however, failure to do so does not justify reversal unless the appellant can show prejudice. *In re Welfare of D.J.N.*, 568 N.W.2d 170, 175-76 (Minn. App. 1997). The district court did not rely on appellant's other lawsuits in dismissing the present case, and thus, appellant did not suffer prejudice warranting a new trial. *See id.*

Appellant also argues that the district court was prejudiced and biased against him. In support of this argument appellant alleges that the district court "failed to follow precedent" when it determined that respondent did not have to provide appellant with a copy of his deposition transcript free of charge. Appellant argues that this is evidence of bias because in a previous case he was involved in, a different district court judge made a different ruling on a similar issue that the district court in this case refused to follow. However, the district court in this case was not bound by the ruling of another district court, and thus we find no evidence of bias. We also note that appellant only alleged that the district court was prejudiced or biased against him after the district court dismissed his case and "[p]rior adverse rulings . . . clearly cannot constitute bias." *Olson v. Olson*, 392 N.W.2d 338, 341 (Minn. App. 1986).

**III.**

Appellant argues that the district court erred by granting respondent's motion for sanctions. "An appellate court applies an abuse-of-discretion standard when reviewing a district court's decision to impose sanctions under Minn. R. Civ. P. 11." *Conant v. Robins, Kaplan, Miller & Ciresi, L.L.P.*, 603 N.W.2d 143, 150 (Minn. App. 1999), *review denied* (Minn. Mar. 14, 2000). "When imposing sanctions, the court shall describe the conduct determined to constitute a violation . . . and explain the basis for the sanction imposed." Minn. R. Civ. P. 11.03(c). By presenting a document to a court, a self-represented litigant certifies that the document is not presented for an improper purpose and that the contentions in the document are warranted and have, or are likely to have, evidentiary support. Minn. Stat. § 549.211, subd. 2; Minn. R. Civ. P. 11.02. "If, after notice and a reasonable opportunity to respond, the court determines that [this principle] has been violated, the court may . . . impose an appropriate sanction . . . ." Minn. Stat. § 549.211, subd. 3; Minn. R. Civ. P. 11.03.

The district court complied with the statutory requirements. It described the sanctionable conduct and explained the basis for the sanction imposed. Summarizing its reasoning, the district court stated:

> The Court believes that a sanction of $10,000, payable to Waymouth Farms, may be the amount necessary to deter Liu from filing similar frivolous litigation. This number is a fraction of the costs incurred by Waymouth Farms in defending this suit but nevertheless represents a significant sum. It also parallels the amount Liu believed should have been paid to him, or at least, the amount he was willing to take to avoid responding to discovery and then taking his (meritless) case to trial. Among the evidence collected or referred to above of

9

> Liu's efforts to use a frivolous claim to extract a settlement—starting with the $500,000 demand in the complaint, through to a complete refusal to participate in discovery, and culminating in post-trial motions asserting an abandoned claim—the Court is most galled by Liu's assertion that defense counsel's willingness to advise his client to defend rather than settle this case was a breach of that attorney's ethical obligations to his client.

The court noted that the "$10,000 sanction may be greater than needed to achieve the Court's purpose" and, for that reason, appellant was provided with 21 days to submit documentary evidence of his financial situation with an argument for a lower sanction, which appellant did not do.

Appellant also alleges that the district court misapplied the law by relying on *Collins v. Waconia Dodge, Inc.*, 793 N.W.2d 142 (Minn. App. 2011), *review denied* (Minn. Mar. 15, 2011), instead of *Uselman v. Uselman*, 464 N.W.2d 130 (Minn. 1990), *superseded by statute as stated in Radloff v. First Am. Nat'l Bank of St. Cloud, N.A.*, 470 N.W.2d 154 (Minn. App. 1991), *review denied* (Minn. July 24, 1991). *Uselman* was decided before changes were made to Minn. Stat. § 549.221 and Minn. R. Civ. P. 11, and, therefore, we find no error in the district court's reliance on *Collins* in this case.

Appellant also argues it was an abuse of discretion for the district court to sanction him because he is a pro se litigant, and his conduct has not been "extreme." *See Liedtke v. Fillenworth*, 372 N.W.2d 50, 51 (Minn. App. 1985) (holding that it was not an abuse of discretion to grant an award of attorney fees against a pro se litigant when the appellant's conduct has been extreme and warrants the award). "Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are

10

generally held to the same standard as attorneys and must comply with court rules." *Black v. Rimmer*, 700 N.W.2d 521, 527 (Minn. App. 2005). Appellant filed a completely meritless lawsuit, failed to comply with discovery, and the record contains evidence that appellant filed this lawsuit as a vehicle for settlement. We conclude that the district court did not abuse its discretion in sanctioning appellant.

**Affirmed.**