ZIMMERMAN REALTY, A COPARTNERSHIP
CONSISTING OF ROBERT C. BLUMBERG
AND OTHERS, v. VILLAGE OF ROSEVILLE
AND OTHERS.
GLEN J. JOHNSON AND OTHERS,
INTERVENORS.

210 N. W. 2d 53.

July 27, 1973—No. 44123.

*Hyman Edelman,* for appellants.
*John E. Daubney,* for respondent plaintiff.

Heard before Otis, Peterson, Todd, and Gillespie, JJ.

PER CURIAM.

Applicants appeal from an order denying their motion for intervention as of right under Rule 24.01, Rules of Civil Procedure, and for permissive intervention under Rule 24.02, Rules of Civil Procedure. The question presented for determination is whether applicants may intervene, either permissively or as of right, in the suit at bar. The trial court concluded that the issue presented in the suit was separate and apart from any claim made or issue raised by applicants and that applicants were, therefore, precluded from intervening.

Zimmerman Realty, plaintiff in the case at bar, is the owner of an undeveloped tract of land in Roseville. The land is bordered on the west and south sides by state highways, on the north by a county road, and on the east by Zimmerman Lake. Plaintiff was granted a zoning change, a height variance, and a special-use permit by the village of Roseville authorizing the construction of a motel-restaurant and office complex on the land.

The State of Minnesota, through its Department of Highways, possesses a flowage easement over all lands adjacent to the lake below an elevation of 930 feet. Similarly, the village of Roseville possesses a flowage easement over plaintiff's property to an elevation of 929 feet.

Plaintiff instituted a declaratory judgment action seeking to have certain uses of the property declared to be legal and proper and naming as defendants the Minnesota Department of Highways, the Minnesota Department of Natural Resources, the County of Ramsey, and the village of Roseville. Applicants for intervention, owners of property adjacent to or in the immediate vicinity of plaintiff's property, allege that the village of Roseville acted unlawfully in granting the zoning change, height variance, and special-use permit to plaintiff and seek to have such acts declared void. While plaintiff's prayer for judgment was that the court declare all uses of plaintiff's property to be proper and legal, the substance of the complaint dealt with the flowage easements only, and plaintiff conceded at oral argument that it intended merely to seek a determination of the rights of the parties with regard to the flowage easements.

Rule 24.01, Rules of Civil Procedure, provides for intervention as of right as follows:

"Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that in-

terest, unless the applicant's interest is adequately represented by existing parties."

Permissive intervention is provided for by Rule 24.02, Rules of Civil Procedure, as follows:

"Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

In light of plaintiff's concession that it requests only a determination of rights with respect to the flowage easements, all other claims in the main action are, in effect, abandoned. Therefore, we conclude that applicants are not entitled to intervene either permissively or as a matter of right in plaintiff's suit. We are not persuaded that applicants are so situated that the disposition of the main action will as a practical matter impair or impede their ability to protect their interest; nor are we persuaded that applicants' claim has any question of law or fact in common with the limited issue raised by plaintiff in the main action such as to warrant intervention by applicants. We agree with the trial court that applicants' proper recourse is to commence an independent action.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.