**STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, etc., Respondent,**

v.

**Patrick Michael John LEE, Defendant,**

**Steiner Liquors, Inc., Appellant.**

**No. 47171.**

Supreme Court of Minnesota.

Aug. 26, 1977.

Clarance E. Hagglund & Robert M. Pearson, Minneapolis, for appellant.

Barnett, Ratelle, Hennessy, Vander Vort, Stasel & Herzog and W. Scott Herzog, Minneapolis, for respondent.

Heard before PETERSON, TODD, and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Steiner's Liquors, Inc. (Steiner's), on the grounds that it was an indispensable party, appeals from denial of its motion to vacate a judgment entered and satisfied in a declaratory judgment action in which it was not joined and from denial of its motion to intervene to appeal from the judgment. We affirm.

This case arises out of a multi-party action seeking damages for personal injuries under the Dram Shop Act and common-law tort. Clifford Sass, by his mother and natural guardian, commenced the action against Steiner's after Sass was beaten and

injured by several youths, one of whom was a minor who had just been sold intoxicating liquor by Steiner's. Steiner's brought a third-party action against two of the youths, Patrick Lee and Terry Nickolauson, the minor. Sass then amended his complaint to state a cause of action against Lee and Nickolauson.

Lee's parents owned a homeowners insurance policy purchased from State Automobile and Casualty Underwriters (insurance company). Lee, as a member of his parents' household, was insured under it. Under this policy the insurance company agreed to pay damages the insured became legally obligated to pay as a result of bodily injury or property damage caused by an accident. The policy specifically excluded application "to bodily injury or property damage which is either expected or intended from the standpoint of the insured." Lee tendered to the insurance company the defense of the action brought against him by Sass. The insurance company undertook the defense under a reservation of rights and, by separate counsel, initiated a declaratory judgment action against Lee for a declaration that the policy did not insure against such a risk and that the insurance company was not obligated to defend Lee nor to pay damages which might be assessed against him.

The insurance company did not join Steiner's or Sass in the action. The trial court found that Steiner's did receive informal notice of commencement of the action. Steiner's did not move to intervene during the trial.

The district court entered judgment declaring that the policy excluded coverage of Sass' alleged damages and awarding Lee the attorneys fees he incurred in defense of the declaratory judgment action. Neither party appealed, and the insurance company paid the attorneys fees assessed against it.

Approximately 1 month after satisfaction of judgment, Steiner's moved the district court "to vacate the declaratory judgment or in the alternative, to allow defendant, Steiner's Liquors to intervene." The court denied the motion, and Steiner's appeals.

**1.** Steiner's argues that the failure to join an indispensable party renders void a judgment entered in its absence. It contends that all potential claimants under an insurance policy are indispensable parties to a declaratory judgment action brought by an insurer against its insured for a declaration relative to coverage. Because Steiner's has a potential claim for contribution from Lee, Steiner's argues that it is an indispensable party to any action regarding issues of coverage under Lee's insurance policy. We need not decide whether Steiner's is an indispensable party because even if it is, the failure to join it does not render the judgment void.

Rule 19.01, Rules of Civil Procedure, defines those persons who should be joined in an action if feasible:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

The purpose of Rule 19, as stated in Rule 19, Rules of Civil Procedure, Advisory Committee Note, "is to compel joinder of parties whenever feasible so that a complete disposition of a claim can be made in the pending case." The rule reflects pragmatic concern for the efficient use of judicial resources and also acknowledges the fact that the interests of a nonparty, against whom a judgment is not res judicata, may nonetheless as a practical matter be affected by the judgment. The Uniform Declaratory Judg-

ments Act, which is governed by the Rules of Civil Procedure, explicitly recognizes these pragmatic concerns. Minn.St. 555.06 provides:

> "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings."

An indispensable party is indispensable in the sense that a controversy cannot be completely adjudicated in its absence. Such a party is not indispensable in the sense that a valid and binding judgment could not be entered with respect to those who *are* parties to the action. The failure to join an indispensable party is not jurisdictional. See, *Doerr v. Warner*, 247 Minn. 98, 76 N.W.2d 505, certiorari denied, 352 U.S. 801, 77 S.Ct. 20, 1 L.Ed.2d 37 (1956). Rule 19, Rules of Civil Procedure, Advisory Committee Note, states:

> " * * * [S]everal federal decisions equated lack of an indispensable party with lack of jurisdiction over the cause of action. Such an interpretation again was not intended in the original rule."

See, also, Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327.[1]

■ 2. Steiner's further argues that the court abused its discretion in denying its motion to intervene to appeal from the judgment. Rules 24.01 and 24.02, Rules of Civil Procedure, govern intervention. Rule 24.01 provides:

> "Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that inter-

est, unless the applicant's interest is adequately represented by existing parties."

Steiner's is not "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest". This action is not res judicata as to Steiner's, nor is Steiner's threatened by the practical harm posed by stare decisis since this court never reviewed the trial court's decision construing the policy.

Rule 24.02, which governs permissive intervention,[2] provides:

> "Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Steiner's motion cannot be considered timely where judgment has been entered and satisfied; it knew about commencement of the action; no reasons for its delay in bringing the motion were put forward. Steiner's should not now, having waited to see if the decision would be favorable to its interests, be allowed to appeal a judgment binding upon and satisfactory to the parties to the action.

Affirmed.

---

1. That the failure to join an indispensable party is not jurisdictional is reflected in Rule 12.08, Rules of Civil Procedure, under which the defense of lack of jurisdiction is treated in separate subdivisions from the subdivision dealing with indispensable parties.

2. We have held that an order denying permissive intervention is not appealable. See, e. g., *Miller v. Market Men's Mutual Ins. Co.*, 262 Minn. 509, 115 N.W.2d 266 (1962). Such an order may be appealable, however, if final as to the party denied intervention. *Thibault v. Bostrom*, 270 Minn. 511, 134 N.W.2d 308 (1965).