**Ronald BRAKKE, Respondent,**

v.

**Mark A. BEARDSLEY, Clay County Codes Administrator and the State of Minnesota, Respondents,**

**Henry Corneliussen, Jr., et al., Intervenors, Appellants.**

**No. 48995.**

Supreme Court of Minnesota.

April 20, 1979.

David A. Overboe, West Fargo, N.D., Rufer, Hefte, Pemberton, Schulze, Sorlie & Sefkow and Gerald S. Rufer, Fergus Falls, for Brakke.

Paul E. Grinnell, County Atty. and Dean Hoistad, Asst. County Atty., Moorhead, Thysell, Gjevre, McLarnan & Hannaher and Paul O. Skatvold, Moorhead, for Beardsley et al.

Heard before ROGOSHESKE, TODD, and YETKA, JJ., and considered and decided by the court en banc.

TODD, Justice.

This case is presented in such a peculiar and difficult procedural tangle that a decision on the merits would be inappropriate. We dismiss the appeal on the grounds that the appellants' intervention for the sole purpose of bringing this appeal was untimely.

On June 17, 1977, Ronald Brakke received a building permit to construct a storage facility with grain bins. His plans disclosed a building setback of 47 feet. The Clay County ordinance required a setback of 125 feet, but apparently provided for a variance based on existing building lines. Relying on the permit, plaintiff began construction of the storage facility with a setback of 47 feet. On June 29, 1977, the codes administrator informed plaintiff that the facility must be set back 67 feet because there was an existing building line from an old grain elevator at 67 feet.[1] Clay County conceded that the building permit was erroneously issued.

On July 1, 1977, the codes administrator obtained a temporary restraining order. On July 7, 1977, plaintiff commenced this suit against the county and state for a declaratory judgment that the setback should be 47 feet, and an injunction against interference with the construction. The temporary restraining order was dissolved and the parties continued the declaratory

Stefanson, Landberg & Alm and Renee J. Homuth, Moorhead, for appellants.

---

1. Brakke argues that a smaller building located closer to the road actually establishes a setback of 34 feet.

judgment action despite the failure of Brakke to exhaust his administrative remedies under the zoning ordinance. The trial judge on July 8, 1977, at the close of testimony, stated:

"* * * Well, I think these people were acting in reliance of that permit and I think they were entitled to do that and I think the equity favors the applicants. I guess they're plaintiffs in one cause and defendants in the other. I'm going to deny the temporary injunction. I'm going to grant the relief. You can draw an order accordingly."

On July 14, 1977, the following order was entered:

"IT IS HEREBY ORDERED THAT on the railroad track siding at Rustad, Minnesota, the set back requirement where Plaintiff is building his grain handling facility shall be 47 feet from the center of the Township road and that the Defendants shall recognize the same as the set back requirement."

This order was filed on July 18, 1977. The court did not enter its findings of fact, conclusions of law, and order for judgment at this time.

■ Clay County did not appeal from this order. Rather, on July 22, 1977, it petitioned this court for a writ of prohibition. The writ was denied on August 4, 1977, because we normally do not review trial court final decisions by writ of prohibition in lieu of appeal. A writ of prohibition is an extraordinary remedy. *Griggs, Cooper & Co., Inc. v. Lauer's, Inc.*, 264 Minn. 338, 341, 119 N.W.2d 850, 852 (1962). Clay County did nothing further in these proceedings.

Thereafter, homeowners at Rustad, Minnesota, retained counsel and commenced an action for damages against Clay County, Brakke, and others. This action was set for trial in April 1978. On April 24, 1978, at a prehearing conference held just prior to commencement of trial, the trial judge stayed the trial and entered an order allowing the homeowner plaintiffs in that case to intervene in this case for the purpose of perfecting an appeal from the court's order

of July 14, 1977, which was filed on July 18, 1977. On May 9, 1978, the intervening homeowners filed a notice of appeal from the order dated July 14, 1977, and filed July 18, 1977. The homeowners seek to challenge the determination that the setback is 47 feet.

Thereafter, on June 12, 1978, the judge in the original action entered findings of fact, conclusions of law, and order for judgment, and a judgment establishing the 47-foot setback was entered on the same day. No appeal has been taken by the county or the intervenors from that judgment.

■ Reviewing all of these circumstances, we conclude that the intervention to appeal in this case was untimely and inappropriate. Rule 24, Rules of Civil Procedure, requires that the application for intervention be "timely." There is no reason to question that the district court could have allowed timely intervention by the homeowners at an early stage of the district court trial proceedings. See, generally, Annotation, 46 A.L.R.2d 1059. Cf. *Zimmerman Realty v. Village of Roseville*, 297 Minn. 74, 210 N.W.2d 53 (1973) (implication that intervention of homeowners would be granted if the main suit had involved zoning enforcement rather than an easement). However, a special problem with timeliness is created when intervention is sought after the trial and for the only purpose of perfecting an appeal.

Cases from other jurisdictions indicate that under special circumstances homeowners may intervene after trial in a zoning dispute for the purpose of bringing an appeal. Such cases typically involve a relatively short delay after trial. For example, in *Standard Bank & Trust Co. v. Village of Oak Lawn*, 61 Ill.App.3d 174, 18 Ill.Dec. 516, 377 N.E.2d 1152 (1978), several homeowners were allowed intervention in a zoning dispute when application was made approximately 1 week after the municipality had filed an agreement to not appeal. Similarly, in *Moyer v. Board of County Commr's of Lyon County*, 197 Kan. 23, 415 P.2d 261 (1966), the Kansas Supreme Court allowed

Intervention where the motion for intervention was several days after the municipality announced its intention to not appeal.

There are no Minnesota cases directly on point. However, we have previously indicated disfavor for intervention after trial because of the delay involved and potential prejudice to the parties, although we have allowed intervention if made shortly after the trial court proceeding. Compare *State Automobile & Cas. Underwriters v. Lee*, 257 N.W.2d 573 (Minn.1977), with *Avery v. Campbell*, 279 Minn. 383, 157 N.W.2d 42 (1968).

In this case intervention was not sought until 10 months after the district court entered an order in favor of plaintiff. Also, intervention was not sought until 9 months after this court had denied the county's petition for a writ of prohibition. We conclude the intervention for purposes of appeal was untimely and inappropriate. The determination that Ronald Brakke is entitled to a 47–foot setback is final. Aside from giving finality to that determination, our decision is not intended to prejudice in any way intervenors' independent action for damages.

Appeal dismissed.