**OMEGON, INC., Respondent,**

v.

**CITY OF MINNETONKA, Respondent,**

**Sherwood Forest Assn., Inc., Intervenor, Appellant.**

**No. C6–83–1491.**

Court of Appeals of Minnesota.

April 10, 1984.

Douglas D. McFarland, Jr., Minnetonka, for intervenor, appellant.

Robert L. Schnell, Jr., Minneapolis, for respondent Omegon, Inc.

Thomas B. Humphrey, Jr., Minnetonka, for respondent City of Minnetonka.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

Sherwood Forest Association, Inc., an association of homeowners, appeals from an order denying intervention and from an order granting a writ of mandamus compelling the City of Minnetonka to issue a conditional use permit. Sherwood Forest contends that it should be allowed to intervene in the proceeding in which the writ of mandamus was granted in order to appeal the writ. Sherwood Forest further contends that the writ of mandamus issued by the district court should be quashed because the City of Minnetonka acted reasonably when it denied the conditional use permit. We affirm.

## FACTS

On April 23, 1983, Omegon, Inc., a Minnesota nonprofit corporation, applied to the City of Minnetonka for a conditional use permit which would allow it to operate its residential adolescent drug treatment program in a former elementary school located in a residential area of Minnetonka.

Omegon's application for a conditional use permit was considered by the Minnetonka Planning Commission at two public hearings. Neighbors who are members of Sherwood Forest Association, Inc., appeared and opposed the issuance of the permit. At the second meeting the commission unanimously determined to recommend the issuance of the permit.

The Minnetonka City Council considered the application on June 27, 1983. Again, members of Sherwood Forest appeared and opposed the issuance of the permit. The council voted four to three against issuing the permit.

On July 14, 1983, Omegon sought a writ of mandamus from the district court to compel the City of Minnetonka to issue a conditional use permit. The matter was heard on a stipulated record. Sherwood Forest made no attempt to intervene in the district court proceeding although it was aware of the proceeding. Instead, it affirmatively chose to let the City of Minnetonka represent its interests.

The district court granted the writ of mandamus on August 31, 1983, and ordered the City of Minnetonka to issue the conditional use permit no later than 4:30 p.m. on September 2, 1983. The city council decided not to appeal and issued the conditional use permit on September 2, 1983.

On September 29, 1983, Sherwood Forest petitioned to intervene in the proceeding in which the writ was granted for purposes of perfecting an appeal. On September 30, 1983, Sherwood Forest appealed the order granting the writ of mandamus.

Intervention was denied by a district court judge on the ground that the motion was untimely. Sherwood Forest then served an amended notice of appeal on this court. Sherwood Forest now appeals the order denying intervention and the order granting the writ of mandamus.

## ISSUE

Did the trial court judge err in denying Sherwood Forest's motion to intervene for the purpose of perfecting an appeal?

## ANALYSIS

Sherwood Forest moved to intervene as a matter of right under Rule 24.01 of the Minnesota Rules of Civil Procedure or, in the alternative, to intervene permissively under Rule 24.02. The district court denied the motion because it was untimely. We agree and hold that under the circumstances presented by the facts of this case a motion to intervene, either as a matter of right or permissively, is untimely.

1. Rule 24.01 provides for intervention as of right:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Sherwood Forest relies on *Brakke v. Beardsley*, 279 N.W.2d 798 (Minn.1979), to support its contention that its motion to intervene as of right was timely. Specifically, Sherwood Forest contends that the Supreme Court's language in *Brakke* implies that a motion to intervene should be granted if it is made shortly after the trial court renders its decision.

Any interpretation of the language in *Brakke* must be made in light of its holding. *Brakke* held that a motion for intervention made by homeowners in a zoning dispute for the sole purpose of perfecting an appeal was untimely and inappropriate when it was made after the district court had entered its order. *Id.* at 801. Con-

trary to Sherwood Forest's contention, we find that *Brakke* requires that we affirm this case.

*Brakke* does discuss two foreign cases where homeowners were allowed to intervene in a zoning dispute when the applications were made shortly after the municipality involved decided not to appeal. Nonetheless, the court then stated:

> * * * we have previously indicated disfavor for intervention after trial because of the delay involved and potential prejudice to the parties, although we have allowed intervention if made shortly after the trial court proceeding. Compare *State Automobile & Cas. Underwriters v. Lee*, 257 N.W.2d 573 (Minn.1977), with *Avery v. Campbell*, 279 Minn. 383, 157 N.W.2d 42 (1968).

*Id.*

Sherwood Forest erroneously places greater stress upon the two foreign cases cited than upon the two Minnesota cases cited. In *State Automobile & Casualty Underwriters v. Lee*, 257 N.W.2d 573 (Minn.1977), the court considered a request for permissive intervention sought after the trial court had made its decision. The court denied intervention, saying that the intervenor "should not now, having waited to see if the decision would be favorable to its interests, be allowed to appeal a judgment binding upon and satisfactory to the parties to the action." *State Automobile*, 257 N.W.2d at 576.

In *Avery v. Campbell*, 279 Minn. 383, 390, 157 N.W.2d 42, 46–47 (1968), the Supreme Court allowed intervention as of right after a judgment by default had been entered, but only after the Court set aside the default judgment. Neither of these cases support Sherwood Forest's contention that its motion to intervene was timely.

■■■ The timeliness of a motion to intervene must be determined on a case-by-case basis. *Engelrup v. Potter*, 302 Minn. 157, 165, 224 N.W.2d 484, 488 (1974). While Rule 24 should be construed liberally, intervention is untimely if the rights of the original parties will be substantially prejudiced. *See Engelrup*, 302 Minn. at 166, 224 N.W.2d at 489. In this case the prejudice is substantial. Not only have the rights between the parties been fully adjudicated, but the City of Minnetonka has issued a conditional use permit and Omegon has acted in reliance on the permit. Intervention as of right in this case is therefore untimely.

■■■ 2. Sherwood Forest also moved for permissive intervention. Rule 24.02 provides for permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In determining the timeliness of a motion for permissive intervention, consideration should be given to (1) how far the suit has progressed at the time of intervention; (2) the reason for the delay; and (3) the possible prejudice of the delay to the existing parties. *SST, Inc. v. City of Minneapolis*, 288 N.W.2d 225, 230 (Minn.1979). In this case, the prejudice is substantial and the rights between the parties have been fully adjudicated. Sherwood Forest chose to delay and to rely on the City of Minnetonka for its representation. Sherwood Forest may not, "having waited to see if the decision would be favorable to its interests, be allowed to appeal a judgment binding upon and satisfactory to the parties to the action." *State Automobile*, 257 N.W.2d at 576.

The granting of permissive intervention is discretionary with the trial court and will not be reversed unless a clear abuse of discretion is shown. *SST*, 288 N.W.2d at 231. Under the facts of this case, the trial court did not abuse its discretion in denying the motion for intervention under Rule 24.02.

■■■ 3. Sherwood Forest also appeals from the August 31, 1983, district court

order granting a writ of mandamus. Sherwood Forest may not invoke Minn.R.Civ. App.P. 103.03(a) to appeal the writ because it is not a party to the proceeding. *People for Environmental Enlightenment and Responsibility, Inc. v. Minnesota Environmental Quality Council,* 266 N.W.2d 858, 874 (Minn.1978).

## DECISION

We affirm the trial court's decision holding that Sherwood Forest's motion to intervene was untimely. Therefore, we need not reach the other issues raised by Sherwood Forest.