**In the Matter of the WELFARE OF C.J., a child.**

**No. C8–91–1618.**

Court of Appeals of Minnesota.

March 3, 1992.

Review Denied April 29, 1992.

Camille V. Doran, Duluth, for appellants.

Robert C. Huseby, Duluth, for respondents child and guardian.

Alan L. Mitchell, St. Louis County Atty., Joanne Vavrosky, Asst. County Atty., Duluth, for respondent St. Louis County Social Services.

Richard Hansen, Murphy, Hansen & Robinson, Duluth, for respondent father.

Considered and decided by AMUNDSON, P.J., and FORSBERG, and KALITOWSKI, JJ.

## OPINION

AMUNDSON, Judge.

Appellants, foster parents of the child C.J., challenge the conditional granting of their motion to intervene in a parental rights termination case. Appellants assert Minn.Stat. § 260.155, subd. 1a (1990) allows them to immediately intervene in the proceeding. We agree and reverse the trial court's conditional intervention ruling. We further remand the case for a permanent placement determination with appellants as parties in the proceeding.

## FACTS

Respondent St. Louis County Social Services Department (county) petitioned to terminate respondent father's parental rights to his minor child C.J. The child's mother voluntarily terminated her parental rights. Legal custody was granted to the county, which placed the child in foster care with appellants.

In lieu of terminating his parental rights, the father proposed the child should be permanently placed with his sister in Florida. The juvenile court adopted the father's proposal and ordered social services to start a home study of the aunt and uncle through the Interstate Compact Procedures. The child's aunt came to Duluth, visited the child and appeared before the juvenile court. The court stated that it was proceeding on a plan to explore placing custody of the child with his aunt because this plan was in the child's best interests.

In March 1991, appellants moved to intervene in the termination proceeding and filed a custody petition for the child, asserting it was in the child's best interest to continue in their custody and care. The custody petition was allowed to be filed but has been deferred until completion of the juvenile proceeding. Appellants also requested the juvenile and custody proceedings be consolidated. The county and the child's guardian ad litem supported appellants' intervention and recommended the child stay in appellants' home. The child's father opposed the intervention.

During the hearing on appellants' motion to intervene, the trial court discovered the foster parents were leaving town for vacation the first week of June 1991. Believing this would be a good opportunity for the child to visit his aunt and uncle, the court ordered the child sent to Florida for a temporary visit. The child began his Florida visit on June 3, 1991, and had not yet returned to Minnesota by October 24, 1991, the date appellants filed their brief.

The trial court took appellants' motion to intervene under advisement and on June 24, 1991 filed a written order stating appellants would be allowed to intervene if the placement plan with the aunt failed. The foster parents appealed from that order.

## ISSUE

Does Minn.Stat. § 260.155, subd. 1a, which allows parents, guardians or custodians to participate in termination of parental rights proceedings, include foster parents?

## ANALYSIS

"[W]hile an order denying permissive intervention * * * is not appealable, an appeal may be taken from an order denying intervention as of right." *Norman v. Refsland*, 383 N.W.2d 673, 675 (Minn.1986). Here, appellants claim they have a right to intervene based upon Minn.Stat. § 260.155, subd. 1a, which allows parents, guardians or custodians a right to participate. Therefore, the trial court's refusal to allow appellants to intervene if the current placement plan fails resulted in an appealable order. Moreover, in reviewing orders concerning intervention as of right, this court is allowed to independently assess the appropriateness of the order. *Norman*, 383 N.W.2d at 676.

In 1986, the legislature amended the juvenile act regarding who has the right to participate in termination proceedings. In its initial form, Minn.Stat. § 260.155, subd. 1a provided:

A child who is the subject of a petition, and the parents, guardian, or *custodian* of the child, and any grandparent of the child with whom the child has resided within the past two years, have the right to participate in all proceedings on a petition.

Minn.Stat. § 260.155, subd. 1a (1986) (emphasis added). In 1987 the legislature amended subdivision 1a to provide:

A child who is the subject of a petition, and the parents, guardian, or *lawful custodian* of the child have the right to participate in all proceedings on a petition.

Minn.Stat. § 260.155, subd. 1a (Supp.1987) (emphasis added). The statute has remained unchanged since that time.

■ Our decision focuses on whether appellants are "custodians" within the context of Minn.Stat. § 260.155, subd. 1a. The word "custodian" means "any person who is under a legal obligation to provide care and support for a minor *or who is in fact providing care and support for a minor.*" Minn.Stat. § 260.015, subd. 14 (1990) (emphasis added).

■ The cardinal principle of all statutory construction is to ascertain and effectuate the legislature's intent. Minn.Stat. § 645.16 (1990). The letter of the law shall not be disregarded under the pretext of pursuing the spirit. *Id.* The courts must presume the legislature used the words of a statute thoughtfully and did not intend an absurd result. *Salmen v. City of St. Paul,* 281 N.W.2d 355, 361 n. 8 (Minn.1979).

Based upon the plain language of these statutes, appellants as the foster parents have a right to participate in these proceedings. The definition of custodian includes both those who have legal and physical custody of a child. Here, appellants have physical custody and do, in fact, provide care and support for the child. Appellants agreed with the county to provide care for the child, and therefore they certainly should have a right to participate in "all proceedings on a petition" pursuant to Minn.Stat. § 260.155, subd. 1(a).

■ Respondent father argues the foster parents do not have legal custody of the child, are merely agents for the county, and therefore cannot intervene as of right based upon Minn.Stat. § 260.155, subd. 1(a). The intervention statute, however, does not require a party have legal custody; instead the party must only be a lawful custodian. Here the foster parents fall under the definition of custodian and therefore they have the right to participate in the termination proceedings. We do not believe the legislature could have meaningfully intended the definition of custody to extend to day-care providers or baby sitters as the dissent suggests.

Children are not chattel by accident of birth. The best interests of a child should be the foremost consideration, which necessarily includes a healthy environment and the rights of biological parents. Here, the foster parents, who have cared for the child for over two years, are troubled by the child's Florida placement. Minn.Stat. § 260.155, subd. 1a clearly allows them an opportunity to inform the trial court of their concerns as parties in the proceeding.

Because no final disposition has been made in this case, and the child is only temporarily visiting his aunt and uncle in Florida, we remand this case for an immediate determination of final placement and hold the foster parents have a right to participate in that determination.

## DECISION

Foster parents are custodians of a minor child. Therefore, appellants have a right to participate in any proceedings on a parental rights termination petition pursuant to Minn.Stat. § 260.155, subd. 1a.

Reversed and remanded.

KALITOWSKI, Judge, dissenting.

I respectfully dissent. The trial court correctly determined that foster parents are not "lawful custodians" under Minn. Stat. § 260.155, subd. 1a (1990) and therefore cannot participate in parental termination proceedings as a matter of right. While foster parents may contract with a lawful custodian to provide care for a child,

they are no more custodians as defined in Minn.Stat. § 260.015, subd. 14 (1990) than day-care centers, baby sitters or others who provide child care for hire. If it is in the child's best interest to give greater rights to foster parents it is up to the legislature to explicitly do so, since public policy of the state is for the legislature to determine not the court. *Mattson v. Flynn,* 216 Minn. 354, 363, 13 N.W.2d 11, 16 (1944).