In re the Marriage of Karen Marie VAN MEVEREN n/k/a Karen Marie Engels, petitioner, Respondent,

v.

Curtis Elliott VAN MEVEREN, Respondent,

Kerri Van Meveren, Appellant.

No. C8–99–1488.

Court of Appeals of Minnesota.

Dec. 28, 1999.

Review denied Feb. 23, 2000.

Sara J. Runchey, Runchey, Louwagie & Wellman, P.L.L.P., Marshall, for respondent Karen Engels.

Raymond O. Walz, Walz Law Office, Redwood Falls, for respondent Curtis Van Meveren.

Gary A. Debele, Walling & Berg, P.A., Minneapolis, for appellant.

Judeth A. Christianson, Marshall, for respondent children.

Patrick J. Leary, Quarnstrom, Doering, Pederson, Leary & Murphy Law Office, Marshall, guardian ad litem.

Considered and decided by TOUSSAINT, Chief Judge, SCHUMACHER, Judge, and MULALLY, Judge.[1]

## OPINION

SCHUMACHER, Judge.

Appellant Kerri Van Meveren (sister) moved to intervene as of right in a petition brought by her father, respondent Curtis Elliott Van Meveren (father), seeking to change the custody of his sons from his ex-wife to him. The district court effectively denied the motion. We affirm.

## FACTS

The marriage of father and respondent Karen Van Meveren n/k/a Karen Marie Engels (mother) was dissolved in 1988, with mother awarded sole custody of their two minor sons. Mother remarried but eventually that marriage was dissolved. In April 1997, she moved to Missouri; with her consent, the boys went to live with father.

In March 1999, father moved the court to modify the custody order, granting him custody of the boys. Their adult sister brought a third-party petition for custody of the children, alleging that the decade-long tension between the parents made it inappropriate for the children to live with either of the parents, and also alleging various facts tending to show that father was unfit to have custody. Sister also moved to intervene in father's custody modification petition and to consolidate her petition with his.

After a hearing, the district court set an evidentiary hearing to determine custody of the two boys but ordered that sister and her attorney could not participate, effectively denying her motion to intervene. Sister appealed, and we ordered that the appeal be limited to the issue whether the district court erred by denying her motion to intervene as of right.

## ISSUE

Did the district court err by denying sister's motion to intervene as of right in father's petition to modify custody?

## ANALYSIS

██ Sister contends that she is entitled to intervene as of right by Minn. R. Civ. P. 24.01, which provides as follows:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest

---

1. Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The district court's refusal to permit intervention as of right is an appealable order. *In re Welfare of C.J.*, 481 N.W.2d 861, 862 (Minn.App.1992), *review denied* (Minn. Apr. 29, 1992). We independently assess the appropriateness of an order concerning intervention as of right. *Norman v. Refsland*, 383 N.W.2d 673, 676 (Minn.1986).

█ Before being allowed to intervene as a matter of right under Rule 24.01, a party must show (1) the motion to intervene was timely; (2) an interest relating to the property or transaction that is the subject of the action; (3) as a practical matter, disposition of the action may impair or impede the party's ability to protect that interest; and (4) the party is not adequately represented by the existing parties. *Gruman v. Hendrickson*, 416 N.W.2d 497, 500 (Minn.App.1987). Because the second factor is dispositive in this case, we need not consider the others.

█ Sister argues that she clearly has an interest relating to the subject of the action, namely the custody of her two minor brothers. But Minn. R. Civ. P. 24.01 does not permit intervention as of right to anyone with an interest relating to the subject of the action; instead, the rule requires that a potential intervenor claim "an interest relating to the *property or transaction* which is the subject of the action" (emphasis added).

The distinction is important because the Minnesota Supreme Court has interpreted Rule 24.01's language to preclude intervention as of right in a similar family law situation. In *Valentine v. Lutz*, 512 N.W.2d 868 (Minn.1994), former foster parents attempted to intervene as of right in a Child in Need of Protection or Services (CHIPS) proceeding. The supreme court held that Rule 24.01 did not give the former foster parents the right to intervene, rejecting the foster parents' contention that

the "interest" which allows them to intervene under Rule 24.01 is "derived from the attachment, knowledge, and concern for the child * * * developed over time." This very personal interest is inconsistent with the language of Rule 24.01. Rule 24.01 concerns "interests relating to * * * property or transaction[s] * * *." This language more appropriately applies to interests involved in traditional civil actions, such as in contracts and torts, rather than the very personal and family interests involved in CHIPS proceedings. Therefore, we hold that the type of interaction between foster parents and child is not an interest that allows intervention under Rule 24.01.

*Valentine*, 512 N.W.2d at 870 (citation omitted). Sister's interest in father's petition for custody—her concern for her younger brothers' welfare—also stems from the sort of "very personal and family interests" the *Valentine* court held were insufficient to meet the requirement of Rule 24.01. Such personal or family interests do not constitute an "interest" sufficient to support intervention as of right under Rule 24.01.

## DECISION

The district court did not err in denying sister's motion for intervention as of right under Rule 24.01.

**Affirmed.**