**In the Matter of Dennis HALVERSON on behalf of Evelyn HALVERSON, petitioner, Respondent,**

**v.**

**Stuart TAFLIN, Respondent Below,**

**Suzanne Chute, f/k/a Suzanne Halverson, Appellant.**

No. C1–00–514.

Court of Appeals of Minnesota.

Oct. 3, 2000.

Frederick R. Weddel, Bemidji, for respondent.

Michael R. Ruffenach, Bemidji, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge, SHUMAKER, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant seeks reversal of the district court's order denying her motion to intervene in concluded domestic abuse proceedings. Respondent, appellant's former husband, sought an order for protection on behalf of their child, alleging abuse by appellant's boyfriend. Appellant, the child's joint legal and sole physical custodian, was not made a party to the domestic abuse proceedings. The district court's order for protection granted respondent temporary custody for one year and later denied appellant's motion to intervene as untimely. Because the district court erred by denying appellant's intervention motion, we reverse and remand.

## FACTS

Appellant Suzanne Chute and respondent Dennis Halverson dissolved their twelve-year marriage in May 1998. The parties have a daughter, Evelyn Halverson, now age nine. The dissolution court awarded the parties joint legal custody and granted appellant physical custody. Respondent received generous visitation rights. On November 17, 1999, respondent requested an ex parte order for protection against Stuart Taflin, appellant's live-in boyfriend, on behalf of daughter Evelyn. Respondent alleged that Taflin had threatened to kill Evelyn and appellant. Both respondent, represented by counsel, and Taflin, appearing pro se, attended a November 24, 1999, hearing. The district court found Taflin had abused Evelyn and issued a non-ex parte temporary order for protection. Among other things, the order, filed November 29, 1999, transferred both legal and physical custody of Evelyn to respondent for one year.

By motion filed December 23, 1999, appellant sought, among other things, to vacate the order's custody provisions. The motion captioned appellant as "Intervenor." The district court treated the mo-

tion as one for intervention of right and, by order dated March 1, 2000 and incorporated memorandum, denied appellant's motion as untimely under Minnesota Rule of Civil Procedure 24.01. Appellant challenges the district court's denial of her motion.

## ISSUE

Did the district court err by denying appellant's motion for intervention of right?

## ANALYSIS

Appellant argues that the district court erred by denying her motion to intervene. Where intervention is sought as a matter of right, we conduct an independent review of the district court's order. *Weiler v. Lutz,* 501 N.W.2d 667, 670 (Minn.App.1993), *aff'd sub nom. Valentine v. Lutz,* 512 N.W.2d 868 (Minn.1994). To successfully intervene as a matter of right under rule 24.01, a party must show (1) an interest relating to the property or transaction that is the subject of the action; (2) as a practical matter, disposition of the action may impair or impede the party's ability to protect that interest; (3) the party is not adequately represented by the existing parties; and (4) the motion was timely. Minn. R. Civ. P. 24.01.

Appellant clearly has a fundamental interest in her child. *See In re Welfare of H.G.B.,* 306 N.W.2d 821, 825 (Minn.1981) (recognizing the longstanding fundamental right of parents to their child's companionship). A disposition such as the change of custody here, however temporary, infringes on that interest. Neither respondent, as appellant's former spouse, nor Stuart Taflin, as a party without any rights or legally protected interests with respect to the child, could adequately protect appellant's parental interest. The district court observed that appellant "should have been a party because of her parental interest," but held that appellant's motion to intervene was untimely. The district court explained that, "it is doubtful that 'timely'

[within the meaning of rule 24] includes a date nearly a month after an order has been entered."

"Timeliness" of an application to intervene is determined on a case-by-case basis and depends on factors such as (1) how far the subject suit has progressed; (2) the reason for delay in seeking intervention; and (3) any prejudice to existing parties because of the delay. *Blue Cross/ Blue Shield v. Flam by Strauss,* 509 N.W.2d 393, 396 (Minn.App.1993), *review denied* (Minn. Feb. 24, 1994). Courts favor intervention and rules concerning intervention of right are to be liberally applied, but posttrial intervention is not viewed favorably because of the potential prejudice to the original parties. *See id.* This court has deemed intervention untimely if the prejudice to the original parties will be substantial. *Omegon, Inc. v. City of Minnetonka,* 346 N.W.2d 684, 687 (Minn.App.1984).

Applying the timeliness test to the unique circumstances in this case favors intervention. That appellant filed her motion after the protection order issued ordinarily weighs against intervention. Appellant, however, explained by affidavit that she did not seek to intervene before the protection hearing because legal aid attorneys assured her that the district court could not change Evelyn's custody without appellant's participation. After the order for protection issued, appellant retained private counsel who apparently misread the filing procedures for motions to intervene as set forth in Minn. R. Civ. P. 24.03. Appellant's reliance on the advice of counsel is, under these circumstances, understandable, and we do not believe the subsequent attorney's mistake so great as to be fatal to the timeliness of her motion. *See McClellan v. Goldberg,* 568 N.W.2d 860, 863 (Minn.App.1997) (explaining this court's historical "reluctance to see clients suffer as a result of counsel's neglect").

Moreover, it does not appear that the existing parties would have been "substan-

tially" prejudiced if appellant had been joined as a party, even after the order for protection issued. The entire protection hearing generated only two full pages of transcript. The order for protection is not complicated and revisiting the custody issue would not involve the undoing of intricate custody transfers or commercial transactions. *Cf. Tischendorf v. Tischendorf,* 321 N.W.2d 405, 409 (1982) (intervention motion untimely where brought only a few days prior to child's scheduled departure for Germany); *Omegon,* 346 N.W.2d at 687 (finding prejudice where one party relied on a city's issuance of a conditional use permit pursuant to court's order). Accordingly, we hold that, under the unique and compelling circumstances present in this case, appellant's motion to intervene was timely and ought to have been granted.

Respondent contends that the Domestic Abuse Act, Minn.Stat. § 518B.01 (1998), cannot accommodate third parties such as appellant. The Domestic Abuse Act governs orders for protection, but does not provide for third-party intervention. *Id.* Intervention in family law cases has, historically, been governed by Minn. R. Civ. P. 24. *See, e.g., Tischendorf,* 321 N.W.2d at 409 (applying rule in child custody dispute).

Appellate courts have, however, placed some limitations on the use of rules of civil procedure in child custody matters and domestic abuse cases. In *Valentine v. Lutz,* the supreme court held that foster parents seeking to intervene in a custody case could not do so by virtue of rule 24 because the "very personal and family interests" of foster parents were not the "interests relating to the * * * property or transaction[s]" contemplated by rule 24. 512 N.W.2d 868, 870 (Minn.1994); *see also Van Meveren v. Van Meveren,* 603 N.W.2d 671, 673 (Minn.App.1999) (denying sister rule 24 intervention right in brother's custody case). In *Whalen ex rel. Whalen v. Whalen,* we recognized that district courts have broad equitable powers to act quickly

in emergency domestic abuse situations, and need not strictly adhere to statutory procedures. 594 N.W.2d 277, 280–281 (Minn.App.1999) (declining to add civil notice procedures to those already provided in the Domestic Abuse Act); *see also Baker v. Baker,* 494 N.W.2d 282, 287 (Minn. 1992) ("The requirements of due process are flexible and call for such procedural protections as the particular situation demands.").

■■■■ Those limitations do not preclude us from applying rule 24 in this case. The failure to grant a parent an opportunity to be heard on custody issues is a denial of equal protection and due process. *Stanley v. Illinois,* 405 U.S. 645, 657–58, 92 S.Ct. 1208, 1215–16, 31 L.Ed.2d 551 (1972). Even a temporary order for protection may deprive a parent of a liberty interest in his or her child. *Baker,* 494 N.W.2d at 287–88. For this reason, the Domestic Abuse Act, which specifically provides for ex parte orders for protection in emergency situations, includes "extensive procedural protections" that guard against erroneous deprivation of a parent's rights. *Id.* One of the significant procedural protections is the limited duration of an ex parte order for protection. *See* Minn.Stat. § 518B.01, subd. 7(c), (d) (providing that, where a party requests a hearing, an ex parte order remains in effect for only 7 to 10 days, until modified or vacated).

■■■ In this case, the district court's order does not refer to any emergency. The order is not ex parte, and consequently, is not of a brief duration. Instead, the order is effective for one year and may be renewed if Evelyn reasonably continues to fear physical harm from Taflin. *See* Minn. Stat. § 518B.01, subd. 6a (permitting court to extend relief granted in existing order for protection if statutory criteria are met). Unlike the ex parte emergency circumstances in which the parent's due process interests "must yield to considerations of the child's welfare," *Baker,* 494 N.W.2d at 287, the district court did not find any emergency circumstances in this case that

warrant denying appellant her due process right to participate in protection proceedings that acutely affect her parental interest.

Nor do we see any procedural impediment to applying Minn. R. Civ. P. 24.01 in this case. Unlike the civil notice requirements that *Whalen* determined were inapplicable because the Domestic Abuse Act provided for its own notice procedures, the Domestic Abuse Act does not contain any intervention provisions that conflict with Minn. R. Civ. P. 24.01. Indeed, the Domestic Abuse Act contemplates that custody determinations will involve both parents. *See, e.g.,* Minn.Stat. § 518B.01, subd. 6(a)(4) (1998) (permitting the court to award temporary custody "with regard to *minor children of the parties*," considering the safety of the children) (emphasis added). Because allowing parental intervention protects fundamental due process rights and complements the Domestic Abuse Act's custody provisions, we determine that Minn. R. Civ. P. 24.01 is the proper rule for district courts to use when a parent seeks to intervene in domestic abuse proceedings that are not ex parte actions.

We conclude that the district court erred by denying appellant's motion to intervene. Although the district court's decision to award respondent custody of Evelyn may well have been within its broad discretion, absent an immediate and present danger of abuse necessitating an ex parte order, due process compelled appellant's inclusion in the action to protect her fundamental parental rights.[1] Accordingly, we reverse and remand to allow the district court to reconsider the order for protection in light of appellant's arguments and evidence.

## DECISION

A custodial parent not made party to non-ex parte proceedings commenced under the Domestic Abuse Act by the other parent on behalf of the parents' child may intervene if the parent meets the criteria of Minn. R. Civ. P. 24.01.

**Reversed and remanded.**

---

1. In reversing the district court on the issue of intervention under these unique facts we do not reach the merits of the substantive issue nor do we minimize in any way the district court's proper concern for the well-being and safety of the minor child. Those issues can be more adequately addressed with a better record.